**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K Stewart,<br><br>   Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>   Respondents. | No. CV-18-04961-PHX-GMS (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner Jenghiz K. Stewart filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 14.)

**I.   Summary of Conclusion.**

Petitioner raises four grounds for relief in his Petition alleging that his required registration as a sex offender is unconstitutional. (*Id.*) Petitioner's claims are untimely because he challenges a resentencing proceeding from 2014 and no statutory tolling applies. In 2018, Petitioner filed an unsuccessful habeas challenge to a probation revocation proceeding in 2015. Although that proceeding was timely regarding the 2015 probation revocation, it did not statutorily toll his limitations period regarding his 2014 resentencing. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. Background.

### a. Facts of the Case.

In May 1996, the State indicted Petitioner in the Maricopa County Superior Court, charging him with two counts of sexual conduct with a minor, and two counts of child molestation, class 2 felonies and dangerous crimes against children. (Doc. 21-1, Ex. A, at 3-5.) The presentence report summarized the facts of Petitioner's crimes as follows:[1]

> Between March 1, 1996 and April 1, 1996, [Petitioner] forced the fourteen-year-old victim [A.U.] to masturbate [Petitioner's] penis, allow [Petitioner] to perform oral sex on [the victim] and to have sexual intercourse with the victim. [Petitioner] was the apartment manager for the apartments in which the victim and his family resided. Prior to the molestation, [Petitioner] had befriended the victim and hired him to walk his dog. On one occasion the victim was sleeping at [Petitioner's] apartment. When [the victim] woke up, he found [Petitioner] stroking his penis. At this time [Petitioner] forced the victim to allow him to perform oral sex which lasted about ten minutes until the victim ejaculated. On another occasion [Petitioner] had forced the victim to lay on his back while [he] sat on [the victim's] penis and moved up and down. After the oral sex incident [Petitioner] told the victim if he were to tell anybody [Petitioner] would evict him and his family. The molestation took place several times between March 1 and April 1 of 1996.
>
> . . .
>
> [Petitioner] admitted to having sex with [the] fourteen-year-old boy on several occasions. The sex consisted mostly of oral sex but on one occasion [Petitioner] attempted penile penetration. There was also a lot of fondling during this time. [Petitioner] advised there was no force involved and that "we wanted to have sex". [Petitioner] admitted full responsibility and culpability for the offense and stated he took the plea-agreement so the victim would get the help he needs. He does not want to see the victim end up in jail like himself.

(Doc. 21-1, Ex. D, at 18.)

In April 1998, Petitioner pleaded guilty pursuant to a plea agreement to one count of Sexual Conduct with a Minor, and one count of Attempted Molestation of a Child. (Doc. 21-1, Ex. C, at 14-16.) Before entering into the agreement, Petitioner acknowledged that he understood the guilty plea would subject him to a prison term ranging from 17 to 20 years' imprisonment for Count One, and lifetime probation for Count Two. (Doc. 21-1, Ex. B, at 7, 10.) On July 31, 1998, Petitioner was sentenced to 17 years of imprisonment

---

[1] In Arizona, the factual basis for a guilty plea "may be ascertained from the record including presentence reports, preliminary hearing reports, admissions of the defendant, and from other sources." *State v. Varela*, 587 P.2d 1173, 1175 (Ariz. 1978.)

for Count One and lifetime probation for Count Two, in accordance with the terms of the plea agreement. (Doc. 21-1, Ex. E, at 31-36.)

### b. Petitioner's Early PCR Proceedings and First Habeas Petition.

Between 1998 and 2003, Petitioner pursued relief in multiple post-conviction proceedings in state court, which were all denied and dismissed. (Doc. 21 at 4.) In 2003, Petitioner challenged the 1998 judgment in his first federal habeas proceeding, *Stewart v. Ryan*, CV-03-00322-PHX-DGC. On April 21, 2004, the Court denied and dismissed Petitioner's first petition as untimely. *See Stewart v. Ryan*, CV-03-00322-PHX-DGC, Docket Entry 15 (D. Ariz. Apr. 21, 2004).

### c. Sentence Modification under *Peek* and PCR Proceedings.

On May 14, 2013, Petitioner completed his sentence and was released from the Arizona Department of Corrections. (Doc. 21-1, Ex. F, at 38.) On April 16, 2014, the Maricopa County Superior Court amended the 1998 judgment against Petitioner, vacating Petitioner's sentence of lifetime probation for attempted child molestation, and imposing a five-year term of probation pursuant to *State v. Peek*, 195 P.3d 641 (Ariz. 2008)[2]. (*Id.*)

On July 13, 2017, Petitioner filed a Petition for Post-Conviction Relief challenging lifetime sex offender registration. (Doc. 21-2, Ex. N, at 29.) On August 7, 2017, the trial court denied the petition as untimely. (Doc. 21-2, Ex. O, at 51.) On February 1, 2018, the Arizona Court of Appeals granted review but denied relief, finding that "petitioner has not shown any abuse of discretion" in the trial court's ruling. (Doc. 21-2, Ex. Q, at 71.)

### d. Probation Violation, PCR proceedings, and Second Habeas Petition.

In September 2014, Petitioner's probation officer filed a petition to revoke Petitioner's probation. (Doc. 21-1, Ex. I, at 81.) On February 12, 2015, at a revocation hearing, Petitioner admitted he violated one term of his probation. (*Id.* at 81-82; Doc. 21-1, Ex. G, at 40-42.) After advising Petitioner of the consequences of his admission, the court accepted Petitioner's admission. (Doc. 21-1, Ex. G, at 41.) On February 12, 2015, the

---

[2] On November 2, 2008, the Arizona Supreme Court issued a decision in *Peek* holding that a sentence of lifetime probation exceeded the maximum term allowable for an attempted child molestation offense at the time of Petitioner's crimes. 195 P.3d at 641.

court sentenced him to a term of imprisonment of 10 years for the violation. (*Id.*)

On January 12, 2018, Petitioner filed a second Petition for Writ of Habeas Corpus requesting relief from his probation violation proceedings. *Stewart v. Ryan*, CV-18-00247-PHX-GMS (JZB), Doc. 1, (D. Ariz. Jan. 12, 2018).[3] On June 6, 2018, this Court issued a Report and Recommendation to the District Court that the petition be denied and dismissed. *Stewart*, CV-18-00247-PHX-GMS (JZB), Doc. 16, (D. Ariz. Jun. 6, 2018). On March 1, 2019, the District Court adopted the Report and Recommendation. *Stewart*, CV-18-00247-PHX-GMS (JZB), Doc. 26 (D. Ariz. Mar. 1, 2019). The Court found that Petitioner's "vindictive prosecution claim was procedurally barred, and that his remaining claims failed on the merits." (*Id.*)

### e. Petitioner's Instant Federal Habeas Petition.

On April 18, 2018, Petitioner filed the instant Petition, presenting four grounds for relief challenging the 1998 judgment and 2014 modification of sentence. (Doc. 14.) On April 24, 2018, because Petitioner had already brought one habeas petition challenging the 1998 judgment, *Stewart v. Ryan*, CV-03-00322-PHX-DGC, Petitioner filed an Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254 in the Ninth Circuit Court of Appeals. (Doc. 17 at 1.) On February 21, 2019, the Ninth Circuit issued an Order finding that "[b]ecause the Maricopa County Superior Court modified [Petitioner's] lifetime probation to a five-year term on April 16, 2014, [Petitioner] may file a habeas petition without obtaining prior authorization. *See Magwood v. Patterson*, 561 U.S. 320 (2010)." (Doc. 12.) Accordingly, the Ninth Circuit denied Petitioner's request as unnecessary, and transferred the matter to this Court with the directive that an action pursuant to § 2254 be opened with an origination date of April 18, 2018. (*Id.*)

On May 1, 2019, the Court ordered Respondents to answer the instant Petition. (Doc. 17.) On May 23, 2019, Respondents filed their Answer (doc. 21), and on June 28, 2019, Petitioner filed his Reply (doc. 24).

---

[3] Petitioner alleged his sentence for violating probation was disproportionate, his probation should not have been revoked, the petition to revoke probation was an act of "vindictive prosecution," there were no justifiable grounds for the revocation, the superior court was biased, and he was deprived of a fair hearing. (*Id.*, Doc. 1 at 6-11.)

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § § 2241 (c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. AEDPA provides a one-year statute of limitations concerning Petitions for Habeas Corpus. 28 U.S.C. § 2244(d)(1)(A), (d)(2).

**III. The Petition.**

Petitioner asserts four claims in his Petition: (1) that his legal obligation to register as a sex offender as a result of the 1998 judgment against him is "contrary to constitutional law" and is "cruel punishment" (doc. 14 at 8); (2) that a "significant change in the law" has occurred, "which should cause the State of Arizona to stop forcing people like petitioner to register [as a sex offender] for life" (*id.* at 9); (3) the law requiring Petitioner to register as a sex offender constitutes Double Jeopardy (*id.* at 10); and (4) Arizona's sex offender registration requirement is "unequal" to similar requirements in other states (*id.* at 11).

Respondents argue that the Petitioner challenges only the 1998 judgment and 2014 sentence modification, as opposed to the 2015 probation revocation and resulting sentence, which was a separate judgment based upon a finding of guilt of violating probation. (Doc. 21 at 5-6.) Thus, Respondents contend that, using the limitations calculation for the 1998 judgment and 2014 modification, Plaintiff's petition is untimely without excuse. (*Id.* at 6-10.) The Court agrees the Petition is untimely.

As noted above, the Maricopa County Superior Court modified Petitioner's 1998 sentence on April 16, 2014. (*See* Doc. 21-1, Ex. F, at 38.) As determined by the Ninth Circuit, that sentence modification constituted a new judgment under *Magwood*. (*See* Doc. 12.) Petitioner had 25 days from the date of the trial court's ruling to timely file a notice of appeal. Ariz. R. Crim. P. 31.3. *See also State v. Zuniga*, 786 P.2d 956, 956-57 (Ariz. 1990) (applying Rules 1.3 and 31.3 of the Arizona Rules of Criminal Procedure, holding that a notice of appeal is timely if it is filed within 25 days of the trial court's ruling). Petitioner did not appeal or timely challenge the modification.

Accordingly, the 1998 judgment against Petitioner was final again, following the April 16, 2014 sentence modification, on May 12, 2014[4]. The AEDPA's 1-year statute of limitations began to run the following day, May 13, 2014, and expired one year later, on May 12, 2015. *See Patterson*, 251 F.3d at 1245-46. Petitioner did not bring this Petition challenging his 1998 judgment until April 18, 2018. (Doc. 12 at 1.) The Petition is untimely.

### a. Statutory Tolling.

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief *with respect to the pertinent judgment or claim is pending*." 28 U.S.C. § 2244(d)(2) (emphasis added). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

A state petition that is not filed within the state's required time limit, however, is not "properly filed," and, therefore, the petitioner is not entitled to statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under the AEDPA's tolling provision). Thus, the AEDPA grants a criminal defendant one year from the conclusion of his direct appeal, minus time spent litigating a "properly filed" post–conviction claim, to file a federal habeas corpus petition.

Review of the record shows that, on July 13, 2017, Petitioner did file a petition for post-conviction relief relating to the 1998 judgment and the 2014 sentence modification of that judgment. (Doc. 21-2, Ex. N, at 28-49.) Therein, Petitioner raised "constitutional challenges to the lifetime requirement to register as a sex offender under A.R.S. §§ 13-

---

[4] The limitations period actually expired on Sunday, May 11, 2014. Consequently, the limitations period continued to run until the following business day. *See* Ariz. R. Crim. P. 45(a)(1)(C).

3821 to -3829" and argued "that his double jeopardy rights and another unspecified constitutional or statutory right were violated." (Doc. 21-2, Ex. O, at 52.) On August 7, 2017, the Maricopa County Superior Court dismissed Petitioner's PCR petition as both untimely and failing on the merits. (*Id.* at 51-54.) On February 1, 2018, the Arizona Court of Appeals issued a Memorandum decision granting review but denying relief, finding Petitioner failed to show the Superior Court abused its discretion. (Doc. 21-2, Ex. Q, at 70-71.) And on March 22, 2018, after the time for Petitioner to file a motion for reconsideration had passed with no motion having been filed, the Mandate issued. (*Id.* at 69.)

The AEDPA 1-year statute of Limitations in this matter expired on May 13, 2015. Petitioner's untimely PCR proceeding, filed in July 2017, did not restart his deadline when AEDPA's statute of limitations had already run. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Accordingly, Petitioner is not entitled to statutory tolling. Also, Petitioner's PCR and habeas proceedings related to the probation violation did not statutorily toll the limitations period. The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief *with respect to the pertinent judgment or claim is pending*." 28 U.S.C. § 2244(d)(2) (emphasis added).

  **b. Equitable Tolling.**

In his Reply, Petitioner argues that "it was recently discovered by the petitioner until on or about August 1, 2017 from an article received" that he learned of this issue. (Doc. 24 at 2.) Petitioner attached a copy of the article to his Reply. (*Id*. at 22.)

The Court finds that Petitioner is not entitled to equitable tolling because he has not shown extraordinary circumstances. "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). Petitioner

bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

Here, Petitioner filed nothing related to these claims for more than three years after his sentence modification in April 2014. *See Stewart*, CV-18-00247-PHX-GMS (JZB), Doc. 11-3, Exs. T (Notice of Post-Conviction Relief), U (Petition for Post-Conviction Relief), at 6-28 (D. Ariz. Mar. 7, 2018). Petitioner argues he learned of new information in 2017 from a news article. But challenges to sex offender registration are not novel. *See e.g. Olmos v. Ryan*, CV 11-344 GMS-PHX, 2014 WL 922867, at *1 (D. Ariz. 2014) (denying habeas sex offender registration challenge as not cognizable). Petitioner's pro se status and unfamiliarity with the law does not excuse his failure to comply with 28 U.S.C. § 2244(d)'s one-year statute of limitations. *See, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Petitioner asserts no other facts that prevented him from timely filing a Petition. Nothing in the Petition or Reply demonstrates extraordinary circumstances necessary for equitable tolling. The Court will not grant equitable tolling.

## VI. Conclusion.

Based on the above analysis, the Court finds that Petitioner's claims are untimely. Petitioner's claim was not statutorily tolled, and Petitioner failed to make any showing of

extraordinary circumstances necessary for equitable tolling. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (doc. 14) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 14) be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

///
///
///
///
///

findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. See Fed. R. Civ. P. 72.

Dated this 3rd day of September, 2019.

Honorable John Z. Boyle
United States Magistrate Judge